| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| KENDELL STEPHENS,<br><br>         Plaintiff,<br><br>    - versus -<br><br>MAXX PROPERTIES, JRD MANAGEMENT, 3500 SNYDER AVENUE OWNERS CORPORATION, LOCAL UNION 2 OF NEW YORK STATE INDEPENDENT UNION OF BUILDING SERVICE EMPLOYEES & FACTORY WORKERS, USWU and IUJAT,<br><br>         Defendants. | ORDER<br><br>11-CV-2575 (JG) (LB) |

JOHN GLEESON, United States District Judge:

  Defendants Maxx Properties, JRD Management, 3500 Snyder Avenue Owners Corporation ("3500 Snyder Corp.") and Local Union 2 of New York State Independent Union of Building Service Employees & Factory Workers, United Service Workers Union and International Union of Journeyman & Allied Trades ("Local 2") have moved to dismiss Plaintiff Kendell Stephens's third amended complaint. The motions to dismiss are granted.

  This action involves the termination of Stephens's employment and a subsequent arbitral determination that his employment was terminated for good cause. He claims that the attorney provided for him by the union should have objected to the arbitrator's bias against him. Stephens brings a hybrid claim under § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, and the implied duty of fair representation under the National Labor Relations Act, 29 U.S.C. §§ 151-69, as well as an independent claim for breach of the duty of fair representation against Local 2.

On May 29, 2012, I granted the Defendants' motion to dismiss Stephens's second amended complaint. *See Stephens v. Maxx Props.*, No. 11-CV-2575 (JG) (LB), 2012 WL 1949339 (E.D.N.Y. May 29, 2012). However, I concluded that Stephens might have a plausible claim arising from the alleged fact – asserted for the first time at oral argument – that a key witness changed his testimony after meeting privately with the arbitrator and the employer's attorney. *See id.* at *5. But to demonstrate that the union's attorney acted arbitrarily, as required to support his claims, he had to allege that the union's attorney was aware that the witness had changed his testimony. *See id.* I therefore granted Stephens leave to amend.

The third amended complaint fails to contain any allegations regarding the union attorney's knowledge. Accordingly, I conclude that the third amended complaint fails to state a plausible claim and it is dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment in favor of the Defendants and to close the case.

So ordered.


John Gleeson, U.S.D.J.

Dated: September 4, 2012
      Brooklyn, New York